IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joseph Pullizi,                                              Case No. 3:06CV2553

      Plaintiff

v.                                                           ORDER

City of Sandusky Civil Service Comm'n,

      Defendant

      This is a suit by a former firefighter with the City of Sandusky, Ohio, who has recently applied to the City to be employed again as a firefighter. Plaintiff took and did very well on the entrance examination. He was, however, thereafter told that his application would be rejected because he was over thirty-one years of age. The City based that decision on O.R.C. § 124.42, which requires that a person seeking an "original appointment" as a firefighter to be under thirty-one.

      Plaintiff appealed the denial of his application and then filed suit, in which he alleged state-law claims, in the Erie County, Ohio, Court of Common Pleas. The defendant moved to dismiss; after the defendant filed that motion and before it was decided, the plaintiff filed a motion for leave to amend his complaint.

      The amended complaint would add a claim that § 124.42 violates the Equal Protection Clause of the Fourteenth Amendment. In view of the prospective assertion of a federal claim, the defendant removed the case to this Court. When it did so, the motion for leave to amend was still pending.

      Thus, as an initial matter, the motion to for leave to amend needs deciding.

      As the Sixth Circuit recently noted in *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006):

> Under Federal Rule of Civil Procedure 15(a), a district court should freely grant a plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. Pro. 15(a). A district court may deny a plaintiff leave to amend his or her complaint, however, when the proposed amendment would be futile. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir.2003) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

The defendant's opposition to the motion for leave to amend contends that the proposed amendment would be futile, and that plaintiff's federal claim could not withstand a motion to dismiss. The defendant points to *Munteanu v. City of Barberton,* 655 F.Supp. 1357, 1358 (N.D.Ohio 1987), in which a Judge of this court rejected the same constitutional challenge to § 124.42 that plaintiff proposes to assert.

I agree with the defendant that to allow the plaintiff to amend his complaint would be futile. The circumstances in *Munteanu* are, in their pertinent elements, indistinguishable from the circumstances in this case.

This is so, even though, as plaintiff's complaint alleges, he obtained his initial appointment as a firefighter in Ohio at age twenty-eight, and was forty-three when he was hired in August, 1998, by the City of Sandusky Fire Department, where he worked for about twenty-eight months. The fact that the defendant may in the past have ignored the requirements and restrictions of state law does not mean that plaintiff can presently compel it to do so again.

I conclude, accordingly, that the motion for leave to amend should be denied on the basis of the futility of the proposed new claim.

That being so, there is no federal claim at issue in this case. I decline to exercise pendent jurisdiction over the plaintiff's state law claims. Plaintiff's complaint shall be dismissed, without prejudice to his right to refile in the state courts, where this case belongs.

It is, therefore,

ORDERED THAT:

1. Plaintiff's motion for leave to amend be, and the same hereby is denied; and

2. Plaintiff's complaint dismissed, without prejudice.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
